**EXHIBIT A**

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SPARTANBURG | ) | FOR THE SEVENTH JUDICIAL CIRCUIT |
| | ) | |
| ROBERT RAINEY, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| VS. | ) | **SUMMONS** |
| | ) | |
| STEIN FIBERS, LTD.., | ) | |
| | ) | |
| DEFENDANT. | ) | |

TO THE DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Columbia, South Carolina

Dated: April 14, 2021

                                                        s/ Mario A. Pacella
                                                        Attorney for Plaintiff

Address:    Strom Law Firm, LLC
                    6923 N. Trenholm Road
                    Columbia, South Carolina 29206
                    803-252-4800

SCCA 401 (5/02)

ELECTRONICALLY FILED - 2021 Apr 14 12:00 PM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4201167

ELECTRONICALLY FILED - 2021 Apr 14 12:00 PM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4201167

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SPARTANBURG | FOR THE SEVENTH JUDICIAL CIRCUIT |

ROBERT RAINEY,             ]     Civil Action No.:
                           ]
    Plaintiff,         ]
                           ]
vs.                        ]     COMPLAINT
                           ]     Jury Trial Demanded
STEIN FIBERS, LTD,         ]
                           ]
    Defendant.         ]

COMES NOW PLAINTIFF by and through his undersigned counsel of record, brings this complaint against the Defendant, and alleges as follows:

## I. NATURE OF THE ACTION

1.  Robert Rainey, ("Plaintiff") brings this complaint for damages against Stein Fibers, Ltd., ("Defendant") for injuries that he suffered because of an industrial accident that occurred on or around January 30, 2019, due to Defendant's negligent and/or willful, wanton and reckless conduct.

2.  Plaintiff seeks monetary damages from Defendant for Defendant's negligent, reckless, and unlawful acts, including but not limited to the negligent and/or grossly negligent loading of his truck by Defendant's employees, in contravention of weight limitations imposed by law and Defendant's own policies and procedures.

## II. PARTIES

3.  Plaintiff, Robert Rainey, is a citizen of Mississippi.

1

ELECTRONICALLY FILED - 2021 Apr 14 12:00 PM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4201167

4. Upon information and belief, Defendant, Stein Fibers Ltd., is incorporated under the laws of New York and has its principal place of business in New York. Defendant's status with the South Carolina Secretary of State is forfeited. Thus, Defendant can be served through the Secretary of State.

5. At all times relevant to this Complaint, Defendant had the opportunity to control and did exercise control over its individual employees, and was aware of its responsibility to oversee its employees with due and reasonable care.

### III. JURISDICTION & VENUE

6. The accident that is the subject matter of this case occurred on or around January 30, 2019 in Spartanburg County, South Carolina at Defendant's plant at 5950 North Main Street, Cowpens, South Carolina.

7. This Court has jurisdiction over defendant because Defendant's conducts business from its facility in Spartanburg County, South Carolina.

8. Venue is proper before this court as the acts or omissions complained of occurred in Georgetown County.

### IV. FACTUAL ALLEGATIONS

9. Plaintiff re-alleges the preceding paragraphs as though repeated verbatim herein.

10. On January 30, 2019, Plaintiff was working as a truck driver and was receiving a load at Defendant's place of business.

2

11. Defendant, by and through its employees acting in the course and scope of their employment, loaded Plaintiff's truck with bails of fiber with a forklift. Plaintiff immediately complained that his truck was overloaded.

12. Defendant's employees instructed Plaintiff that they could not remove any bales unless Plaintiff had a certified scale slip showing the truck was overweight.

13. Plaintiff went to a truck stop and had his trailer weighed, with the certified slip noting that it was overweight. Plaintiff recalls it was overweight by approximately 3000 pounds.

14. Plaintiff returned with the certified slip and lined the trailer up to the back door as instructed by the supervisor.

15. Plaintiff opened the trailer doors and three bales of fiber fell on top of him, causing injury.

16. Defendant's employees picked up the bails from the ground with forklifts.

17. Defendant's employees removed two more bales of fiber.

18. Plaintiff reported the incident to the supervisor.

19. As a direct and proximate result of the conduct of Defendant's employees, Plaintiff sustained extensive physical injury and required immediate medical care.

20. At all times relevant to this Complaint, Defendant's employees were acting in the course and scope of his employment with Defendant. As such, Defendant is responsible for the conduct of its employee.

21. As a direct and proximate result of Defendant's negligent, reckless, willful, and wantonness conduct, this accident occurred, and Plaintiff sustained extensive injuries.

ELECTRONICALLY FILED - 2021 Apr 14 12:00 PM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4201167

ELECTRONICALLY FILED - 2021 Apr 14 12:00 PM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4201167

## V. CAUSES OF ACTION

### COUNT I:
### Negligence and/or Gross Negligence

22. Plaintiff re-alleges the preceding paragraphs as though repeated verbatim herein.

23. On January 29, 2019, Defendant, through its employees, were loading trucks at its place of business in Spartanburg County, South Carolina and had a duty to operate the forklift with due and reasonable care.   Further in loading trucks, Defendant, through its employees, had a duty to load trucks in a safe and reasonable manner and within weight requirements under applicable law.

24. Defendant, through its employee, breached this duty by overloading Plaintiff's truck by 3000 pounds, which fell out of the trailer when Plaintiff opened the trailer doors.

25. As a direct and proximate result of negligent, reckless, and unlawful conduct by Defendant's employee described above, the Plaintiff suffered extensive damages including but not limited to:

    a. Pecuniary loss;

    b. Pain and suffering;

    c. Lost wages;

    d. Extensive medical expenses;

    e. Mileage incurred in traveling to and from medical appointments; and

    f. Such additional damages as may be revealed through discovery.

### COUNT II:
### Respondeat Superior

26. Plaintiff re-alleges the preceding paragraphs as though repeated verbatim herein.

27. At all times relevant to this Complaint, Defendant employed individuals whose roles included the safe loading of trucks and trailers within the weights authorized by law.

28. At all times relevant to this Complaint, Defendant had the right and responsibility to exercise control over its employees and to ensure that its employees abided by all policies and procedure, and standards of care common to the industry and specific to Defendant's expectations.

29. The reasonable exercise of control over Defendant's employees was necessary for the purpose of protecting against the risk of harm associated with loading and unloading heavy materials, which are foreseeable.

30. Defendant failed to exercise reasonable control, oversight, and management of its employees, in one or more of the following particulars:

   a. Failing to monitor its employees' use loading trailers within weights authorized by law;

   b. Failing to remove product when Plaintiff complained that the trailer was overweight;

   c. Failing to create adequate policies and procedures and or protocols for loading and unloading;

   d. In the event adequate policies and procedures existed, failing to implement these policies and/procedures;

   e. Failing to create adequate safety policies to avoid and/or minimize foreseeable risks of harm;

   f. Such other facts as may be revealed during discovery or trial of this matter.

ELECTRONICALLY FILED - 2021 Apr 14 12:00 PM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4201167

ELECTRONICALLY FILED - 2021 Apr 14 12:00 PM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4201167

31. As a direct and proximate result of Defendant's failures, set forth more fully above, Plaintiff sustained extensive damages including but not limited to:

    a. Pecuniary loss;

    b. Pain and suffering;

    c. Lost wages;

    d. Extensive medical expenses;

    e. Mileage incurred in traveling to and from medical appointments; and

    f. Such additional damages as may be revealed through discovery.

### COUNT III:
### Negligence – Premises Liability

32. Plaintiff re-alleges the preceding paragraphs as though repeated verbatim herein.

33. At all times relevant to this Complaint, Defendant had exclusive control over the ownership, maintenance, and management of its premises, and had a responsibility to use due and reasonable care to rid its premises of hazards or defects, and to prevent foreseeable harm caused by third parties upon its premises.

34. At all times relevant to this Complaint, Plaintiff was an invitee upon Defendant's premises.

35. As set forth more fully above and herein, Defendant failed to exercise due and reasonable care in the management, control, ownership and maintenance of its premises in one or more of the following particulars:

    a. Failing to monitor its employees' loading of product onto trucks within authorized weight levels;

ELECTRONICALLY FILED - 2021 Apr 14 12:00 PM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4201167

  b. Failing to implement adequate oversight and/or management to ensure compliance with policies and procedures related to loading of trucks;

  c. Failing to create adequate policies and procedures, and or protocols for loading and unloading;

  d. In the event adequate policies and procedures existed, failing to implement these policies and/procedures;

  e. Failing to create adequate safety policies to avoid and/or minimize foreseeable risks of harm;

  f. Such other facts as may be revealed during discovery or trial of this matter.

36. As a direct and proximate result of Defendant's failure to use due and reasonable care, set forth more fully above, Plaintiff sustained extensive damages including but not limited to:

  a. Pecuniary loss;

  b. Pain and suffering;

  c. Lost wages;

  d. Extensive medical expenses;

  e. Mileage incurred in traveling to and from medical appointments; and

  f. Such additional damages as may be revealed through discovery.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this court issue an order in favor of the Plaintiff and against the Defendant as follows:

A. Award the Plaintiff actual, compensatory, special, and/or consequential damages in an amount to be determined at a trial of this matter;

B. Award the Plaintiff lost wages in an amount to be determined at a trial of this matter;

C. Award Plaintiff punitive and exemplary damages in an amount to be determined at a trial of this matter; and

D. All such other relief in law or equity as this court deems just and proper.

## VII.  DEMAND FOR TRIAL BY JURY

Plaintiff requests a jury trial on any issue so triable.

RESPECTFULLY SUBMITTED this 14th day of April, 2021.

s/ Mario A. Pacella
Mario A. Pacella
S.C. Bar No. 68488
Strom Law Firm, LLC
2110 N. Beltline Boulevard
Columbia, South Carolina 29206
Tel:  (803) 252-4800
Fax: (803) 252-4801
mpacella@stromlaw.com

Columbia, S.C.

ELECTRONICALLY FILED - 2021 Apr 14 12:00 PM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4201167

ELECTRONICALLY FILED - 2021 Apr 29 4:49 PM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4201167

# State of South Carolina
## Office of the Secretary of State
### The Honorable Mark Hammond



1205 PENDLETON STREET, SUITE 525
COLUMBIA, SC 29201

803-734-2170
www.sos.sc.gov

April 26, 2021

ELECTRONIC CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Stein Fibers, Ltd.
4 Computer Drive West
Albany, NY 12205

RE: Stein Fibers, Ltd., 2021-CP-42-01167

Dear Madam/Sir:

In accordance with South Carolina Code § 15-9-245, we are enclosing herewith a copy of the Summons and Complaint in the above-entitled case. Service was accepted on April 22, 2021 and a copy has been duly filed in our office as of this date. The fee of $10.00 has been paid.

Yours very truly,

*Allyson Green*

Allyson Green
South Carolina Secretary of State's Office

Enclosures

cc:   Storm Law Firm LLC
      Traci Clark
      6923 N Trenholm Rd. Ste 200
      Columbia, SC 29206

| Corporations | UCC | Charities | Boards & Commissions | Notaries | Trademarks |
|---|---|---|---|---|---|
| 803-734-2158 | 803-734-2175 | 803-734-1790 | 803-734-2512 | 803-734-2512 | 803-734-0629 |

ELECTRONICALLY FILED - 2021 Apr 29 4:49 PM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4201167

RECEIVED
APR 29 2021
BY: ............................